Patrick T. Nackley (Arizona Bar No. 024097)
Devin M. Tarwater (Arizona Bar No. 032542)
**MEDALIST LEGAL PLC**
3133 West Frye Road, Suite 101
Chandler, Arizona 85226
(602) 767-0050
pnackley@medalistlegal.com
dtarwater@medalistlegal.com
docket@medalistlegal.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ace of Wingz, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br>vs.<br><br>Smackin Wings, LLC, an Arizona limited liability company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff Ace of Wingz, LLC ("Plaintiff"), for its Complaint against Defendant Smackin Wings, LLC ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is an Arizona limited liability company with its principal place of business in Maricopa County, Arizona.

2. Defendant is an Arizona limited liability company with its principal place of business in Maricopa County, Arizona.

3. This action arises under the Lanham Act, 15 U.S.C. § 1125, and Arizona common law, including unfair competition, commercial disparagement, and intentional interference with business relationships.

4. This court has original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338 for claims arising under the Lanham Act, and supplemental jurisdiction under 28

MEDALIST LEGAL PLC
3133 WEST FRYE ROAD, SUITE 101
CHANDLER, ARIZONA 85226

U.S.C. § 1367 for related state-law claims.

5. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in Phoenix, Arizona, and Defendant has committed acts of trademark infringement in Arizona.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1), (2) and (c)(2) because Defendant maintains its principal place of business in this judicial district, and a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTS

### Background on Plaintiff and Its Trademark

7. Plaintiff is a restaurant business operating in Arizona and is widely known for its chicken wing products and related food services.

8. Plaintiff offers its products to the general public through physical restaurant locations and online platforms, including social media and third-party delivery services.

9. Plaintiff has continuously used its business name, logo, and branding in commerce for two (2) years prior to Defendant's conduct.

10. Plaintiff's use of its business name, logo and branding in commerce has occurred openly, notoriously, and exclusively in connection with Plaintiff's goods and services.

11. Through long-standing use, advertising, and public recognition, Plaintiff has acquired valid and enforceable common-law trademark rights and substantial goodwill in its name, logo, and associated branding (the "Marks").

12. Consumers associate the Marks exclusively with Plaintiff and its restaurant services.

13. Plaintiff has invested significant time, effort, and resources into developing and protecting its brand and reputation.

14. Plaintiff's Marks are a valuable commercial asset and a key source identifier for its business.

MEDALIST LEGAL LLC
3133 WEST FRYE ROAD, SUITE 101
CHANDLER, ARIZONA 85226

MEDALIST LEGAL LLC
3133 WEST FRYE ROAD, SUITE 101
CHANDLER, ARIZONA 85226

**Defendant's Infringing Activities**

15. Defendant is a direct competitor of Plaintiff providing chicken wing products and related food services in the Arizona restaurant market. Plaintiff and Defendant target the same or overlapping customer base and compete through similar channels of trade, including in-person dining and online marketing.

16. On or about October 22, 2025, Defendant created, published, and distributed video advertisements on social media platforms, including, but not limited to Instagram, that incorporated Plaintiff's actual trademark and logo without authorization.

17. Defendant's video advertisements were disseminated through social media platforms, including but not limited to Instagram and other online channels as part of Defendant's commercial marketing efforts

18. To date, Defendant has published no fewer than six (6) separate videos utilizing Plaintiff's trademark and logo without authorization, and Plaintiff is informed and believes that additional infringing content may exist.

19. The videos depict Plaintiff's logo being physically beaten, attacked, or humiliated by a character or mascot associated with Defendant.

20. The depiction conveys a message of comparative superiority and inferiority between the parties' competing businesses.

21. Defendant's use of Plaintiff's trademark was deliberate, knowing, and intended to mock, disparage, and demean Plaintiff while promoting Defendant's competing business.

22. Defendant acted with knowledge of Plaintiff's prior use and brand recognition at the time of publication.

23. Defendant's content included derogatory, aggressive, and threatening-style messaging directed at Plaintiff, causing consumer confusion, reputational harm, and interference with Plaintiff's business operations.

24. Plaintiff has received inquiries, comments, or reactions from consumers evidencing actual confusion and harm to its brand reputation.

25. Defendant has no license, permission, or legal right to use Plaintiff's Marks in any manner.

26. Defendant nevertheless continues to benefit commercially from the unauthorized use of Plaintiff's Marks absent court intervention.

27. Plaintiff requested Defendant remove the video advertisements from all mediums in writing on two separate occasions, and Defendant has refused to do so.

**COUNT I**

**(Trademark Infringement, False Designation or Origin, and Unfair Competition Under 15 U.S.C. § 1125)**

27. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

28. Plaintiff owns valid and enforceable common law rights in the Marks.

29. Defendant used Plaintiff's trademark in commercial advertisement without authorization.

30. Defendant's conduct is likely to cause confusion, mistake, or deception as to affiliation, sponsorship, or approval with respect to the Marks.

31. Upon information and belief, Defendant acted willfully and in bad faith to trade on Plaintiff's goodwill.

32. Defendant's conduct constitutes trademark infringement, false designation of origin, and unfair competition in violation of 15 U.S.C. § 1125(a).

33. Defendant, by its actions, has damaged Plaintiff in an amount to be determined at trial.

34. Defendant has irreparably injured Plaintiff by its actions. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

35. This is an exceptional case, entitling Plaintiff to an award of attorneys' fees and other costs under 15 U.S.C § 1117(a).

MEDALIST LEGAL LLC
3133 WEST FRYE ROAD, SUITE 101
CHANDLER, ARIZONA 85226

## COUNT II

## (Trademark Infringement and Unfair Competition Under Arizona Law)

36. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

37. Defendant's conduct constitutes unfair competition, including misappropriation of Plaintiff's goodwill and commercial disparagement.

38. Defendant intentionally interfered with Plaintiff's business relationships and expectancies through misleading and derogatory advertising.

39. Plaintiff has suffered damages as a direct result of Defendant's conduct.

40. Defendant's aforementioned acts have damaged Plaintiff in an amount to be determined at trial.

41. Defendant has irreparably injured Plaintiff. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violating Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A. For judgment in favor of Plaintiff and against Defendant on all claims set forth above;

B. For preliminary and permanent injunctive relief enjoining Defendant, its officers, agents, servants, employees, and all persons acting in concert or participation with Defendant, from using Plaintiff's trademarks, trade names, logos, or any confusingly similar marks in any advertising, promotion, or commercial activity;

C. That Defendant be directed to file with the Court and serve on Plaintiff, within thirty (30) days after service of any injunction, a written report under oath detailing the manner and form in which Defendant has complied with the injunction, pursuant to 15 U.S.C. § 1116(a);

D. For an order requiring Defendant to immediately remove and permanently delete all infringing, disparaging, and misleading content including videos, posts, and

Medalist Legal LLC
3133 West Frye Road, Suite 101
Chandler, Arizona 85226

advertisements, from all websites, social media platforms, and other media under Defendant's control;

E. For an accounting and disgorgement of all profits, revenues, and other benefits wrongfully obtained by Defendant as a result of its infringing and unfair competitive conduct;

F. For an award of Plaintiff's actual damages sustained as a result of Defendant's unlawful conduct, together with statutory damages to the extent permitted by law;

G. For an award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117 and applicable Arizona law, based on Defendant's willful and bad-faith conduct;

H. For a finding that Defendant's infringement and unfair competition were willful, deliberate, and undertaken in bad faith; and

I. For such other and further relief as the Court deems just, proper, and equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues in this litigation that are triable to a jury.

DATED this 31st day of December, 2025.

**MEDALIST LEGAL PLC**

/s/ Patrick T. Nackley

Patrick T. Nackley
Devin M. Tarwater
3133 West Frye Road, Suite 101
Chandler, Arizona 85226
*Attorneys for Plaintiff*

MEDALIST LEGAL LLC
3133 West Frye Road, Suite 101
Chandler, Arizona 85226

MEDALIST LEGAL PLC
3133 WEST FRYE ROAD, SUITE 101
CHANDLER, ARIZONA 85226

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of December, 2025, I electronically transmitted the foregoing document and any attachments to the Office of the Clerk of the United States District Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants and mailed via first class mail.

Jackie Knop
**MEDALIST LEGAL PLC**
3133 West Frye Road, Suite 101
Chandler, Arizona 85226
*Attorneys for Plaintiff*

*/s/ J. Knop*